DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert E. Patrick, an attorney licensed to practice law in Louisiana. The charges alleged violations of Rules 1.1(a), 1.3, 1.4,1.5(a), 1.15(b), 1.16(b), 3.3(a)(4), 3.4(b), (c) and 8.4(a), (c), (d) of the Rules of Professional Conduct.
A review of the underlying facts in count I indicate that respondent filed a bankruptcy petition for Robyne Spears on December 21, 1988. At the time of filing, respondent received permission from the court to pay the filing fee in two installments, and paid $30.00 of the $90.00 fee at the time of filing, leaving $60.00 owed. The court ordered respondent not to accept any attorney fees until the filing fee was paid in full.[1] On January 24, 1989, the bankruptcy court issued an order to show cause why the petition should not be dismissed for failure to pay the filing fee, setting a hearing for March 16, 1989. Respondent failed to appear at the hearing, as he was beginning a trial in an unrelated matter. At the March 16 hearing, Ms. Spears indicated that either she or her friend, Osborne Taylor, gave respondent a check in the amount of $60.00 dated February 28, 1989 for the filing fees. Based on this representation, the bankruptcy court issued another rule to show cause why the filing fee had not been paid by respondent after receipt of funds sufficient to pay the fee Rhad been received. Additionally, on the afternoon of the March 16 hearing, Mr. Taylor allegedly came to respondent’s office and gave him a check for $100.00 The check was *238 drawn on Mr. Taylor’s account, but contained the notation, “Bankruptcy: Robyne Spears.”
On April 4, 1989, respondent wrote the bankruptcy court acknowledging the receipt of the check for $60.00, but claiming the check was for legal fees in connection with his representation of Mr. Taylor in an unrelated matter. On May 12, 1989, the bankruptcy court issued a decision finding respondent in violation of Bankruptcy Rule 1006(C) and the court’s December 21, 1988 order forbidding receipt of attorney’s fees until the filing fee had been paid. The court ordered respondent to pay the clerk of court $60.00 and suspended respondent from practice before the bankruptcy court for 90 days.
The second count arose in connection with respondent’s representation of Mr. and Mrs. Antoine Broussard in another bankruptcy matter. Respondent received $950.00 on August 30, 1988, and $460.00 on September 23,1988, allegedly to pay the Broussards’ house note. He allegedly failed to forward the $1410.00 to mortgage holder and converted the funds to his own use.
On November 9, 1988, respondent allegedly received $400.00 as a legal fee in the bankruptcy matter and stock certificates as a gesture of good faith and willingness to pay attorney’s fees. The bankruptcy court subsequently determined that the $1,410 received by respondent from the Broussards constituted property of the bankruptcy estate.[2] The court also found respondent prepared and submitted false bankruptcy schedules | ¡¡(without including the stock as an asset or his attorney’s fees as a debt), failed to disclose assets of his client and failed to list debts owed by his client.[3]
The final count arose from respondent’s representation of Ronald Thomas in 1990 in connection with several matters, including defense of a credit contract suit filed against Thomas by Credit Plan, Inc. According to Thomas, he filed a complaint against respondent with the ODC after he learned respondent had never filed an answer in connection with the Credit Plan suit and refused to refund his unearned fee. Thomas further alleged that respondent had him sign a blank piece of paper, then later used that signature to write a bogus letter retracting the complaint.
After the filing of the charges, a formal hearing was held, at which respondent appeared and offered evidence. On December 9, 1996, the hearing committee rendered a brief two page opinion in which it recommended all charges against respondent be dismissed. As to count I and count II, the hearing committee declined to adopt the findings of the bankruptcy judge as clear and convincing evidence of ethical violations. It concluded the bankruptcy judge imposed sanctions he felt necessary, and noted respondent clearly stated that he no longer practiced bankruptcy law. The committee further found that these two cases dated back to 1988, but that the formal charges were not filed until September 1995. Based on these factors, the hearing committee felt *239 that respondent had received the appropriate punishment for his 14vioIations.
With regard to count III, the hearing committee again found no clear and convincing evidence of the charge. The committee further found that the ODC’s principal witness, Ronald Thomas, “lacked credibility and was not believed by the Committee.”
The disciplinary board agreed with the hearing committee’s recommendation that formal charges against respondent should be dismissed as they were not proved by clear and convincing evidence.
With regard to the first count, the board found the ODC submitted evidence establishing that respondent received a total of $160.00 from Mr. Taylor in the form of two checks, one for $60.00 and one for $100.00 The first cheek, in the amount of $60.00, was never produced, but Ms. Spears and Mr. Taylor both asserted at the hearing that they paid respondent $60.00. Respondent testified that the $60.00 was from Mr. Taylor for his legal fees, and not for Ms. Spears’ filing fees.[4] The board concluded that it was unclear as to whether this check had been given to respondent to pay Ms. Spears’ filing fee or to pay Mr. Taylor’s legal fees. The second check, for $100.00, contained a notation which stated it was payment for the bankruptcy of Ms. Spears. However, respondent claimed Ms. Spears paid no money to him, and the money paid by Mr. Taylor was for legal fees in his criminal case. Moreover, respondent claims that he did not receive the $100 cheek from Mr. Taylor until after the March 16, 1989 hearing at 4:30 that same day, which was supported by an affidavit by respondent’s secretary. Therefore, the board concluded that the ODC did not prove respondent violated any Rule of Professional Conduct as to either the $100.00 or $60.00 cheek.
With regard to count II, the board noted there was a dispute over whether the $1410 paid to respondent by the Broussards |swas a legal fee or was given to him to forward to the Veterans Administration as payment for their house note.[5] The board noted that respondent apparently issued a subpoena to Mrs. Broussard, but she failed to appear at the hearing. Thus, the only evidence that funds were to be paid to the Veterans Administration was the Broussards’ testimony in connection with the bankruptcy matter. In support of his position, respondent presented copies of ledger statements to the committee which indicated the balance for legal fees owed by Broussard and the payments made. He also presented the testimony of his wife and secretary, who indicated respondent represented the Broussards in several legal matters. Based on these facts, the board concluded that the ODC did not present clear and convincing evidence sufficient to prove this count.
As to the final count, the board found that the evidence established that respondent represented Mr. Thomas in several other matters besides the credit suit matter. It found that it was unclear if the payment allegedly made by Mr. Thomas was for the credit loan suit or one of these other matters. It concluded that the hearing committee’s determination that Thomas was not a credible witness was not clearly erroneous. Consequently, the board found that count III was not proven by clear and convincing evidence. Thus, the board recommended that all formal charges be dismissed against respondent.
On July 14, 1997, the ODC filed an objection to the board’s recommendation and urged that the evidence clearly and convincingly established that respondent engaged in the misconduct described in Count I and Count II.[6] Pursuant to Supreme Court Rule *240 XIX, § 11 G(l)(b), the matter was set for oral argument.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, the briefs and oral arguments of the parties and the record filed herein, it is the 1 ¡¡decision of this court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that the charges against respondent, Robert E. Patrick, be dismissed.
TRAYLOR, J., dissents.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. The bankruptcy court’s December 21, 1988 order stated:
IT IS ORDERED that the debtor pay the filing fee in installments on the terms set forth in the foregoing application.
IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor shall not pay, and no person shall accept, any money for services in connection with this case, and the debtor shall not relinquish, and no person shall accept, any property as payment for services in connection with this case.

. In its reasons, the court stated:
The Court has already found as a fact that the funds paid to Mr. Patrick pre-petition were the debtors' funds, given to Mr. Patrick in order that they be forwarded to the Veterans’ Administration. Since the funds were never forwarded to that agency, the Court concludes as a matter of law that the debtors retained an equitable interest in the funds upon commencement of the bankruptcy case on October 27, 1988. As such, the funds paid pre-petition to Mr. Patrick ($1,410) constitute property of the bankruptcy estate under 11 USC section 541(a)(1), and they must be turned over to the plaintiffs for transfer to the trustee.

. On this issue, the court slated:
For the reasons already detailed, and under any test, this bankruptcy case was a shambles until the Broussards discharged Mr. Patrick and engaged new counsel. Mr. Patrick's active participation in this near catastrophe (averted by developments subsequent to his replacement as counsel) will not be ignored: he prepared erroneous bankruptcy schedules; failed to disclose the debtors’ ownership of a stock certificate in his possession at the time of filing, thus helping to conceal an asset of the estate; failed to disclose the $1,410 he was holding which was intended for the Veterans Administration; and failed to list debts for his own attorney fees. These debts not only placed Mr. Patrick in an ethical quandary, but were also, in all likelihood, dischargeable in bankruptcy. Accordingly, any fee he might have charged for his [disjservices would be excessive by definition.

.Respondent further claimed that he was not in his office at the time Mr. Taylor brought the check, and he did not know the funds were for Ms. Spears. Since he claimed to represent Mr. Taylor on a criminal matter, he credited Taylor’s account with both checks. However, the board did note that the check had the notation on it designating it for payment for Ms. Spears.

. Respondent had previously represented Mr. Broussard in several matters including a Social Security matter, a contract matter, a property matter, and an estate matter.

. Apparently, the ODC has conceded that count III was properly dismissed.